WR-83,433-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/19/2015 6:49:38 PM
Accepted 6/22/2015 8:12:58 AM
ABEL ACOSTA
CLERK

RECEIVED
COURT OF CRIMINAL APPEALS
6/22/2015
ABEL ACOSTA, CLERK

In the Court of Criminal Appeals of Texas
Wr_____
Ex Parte Dustin John Lowry, et al.
Formerly
IN THE COURT OF CRIMINAL APPEALS OF TEXAS
TEX. CRIM. APP.PD-0427-08
ON PETITION FOR DISCRETIONARY REVIEW

Formerly on direct appeal
IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
CT.APP.NO.13-03-00081-CR

DUSTIN JOHN LOWRY
VS.
THE STATE OF TEXAS

Formerly tried in
THE 404TH DISTRICT COURT
OF CAMERON COUNTY, TEXAS
TRIAL COURT NO. 02-CR-480-G
State of Texas v. Dustin John Lowry

et al.:

Jesus Roberto Villarreal, No. 13-08-00292-CR, in the Court of Appeals, 13th District of Texas, Corpus Christi-Edinburg, on Appeal from the 107th District Court of Cameron County, Texas, Cause No. 06-CR-00000413-A.

Rodrigo Garcia, Trial Court No. 879410-A, in the 183rd District Court of Harris County, Texas.

Javier Chavez, No. 13-09-0068-CR, in the Court of Appeals for the 13th District of Texas, formely tried in the 107th District Court or Cameron County, Texas, Trial Court No. 07-CR-00078-A.

\* \* \* \* \* \* \* \* \* \*
Motion for Oral Argument on Laches re Several Applications in the Court of Criminal Appeals
\* \* \* \* \* \* \* \* \* \*

Respectfully submitted,

By: */s/ Larry Warner*

Larry Warner,
Attorney at law
3109 Banyan Circle,
Harlingen, Texas 78550
Office: 956 230-0361
Facsimile: 1-866-408-1968
email: office@larrywarner.com
State Bar of Texas 20871500;
USDC,SDTX 1230
Board Certified Criminal Law,
Texas Board Legal Specialization (1983)
Member of the Bar of the Supreme Court of the United States (1984)

**In the Court of Criminal Appeals of Texas**
**Wr_____**
**Ex Parte Dustin John Lowry, et al.**
**Formerly**
**IN THE COURT OF CRIMINAL APPEALS OF TEXAS**
**TEX. CRIM. APP.PD-0427-08**
**ON PETITION FOR DISCRETIONARY REVIEW**

**Formerly on direct appeal**
**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH DISTRICT OF TEXAS**
**CT.APP.NO.13-03-00081-CR**

**DUSTIN JOHN LOWRY**
**VS.**
**THE STATE OF TEXAS**

**Formerly tried in**
**THE 404TH DISTRICT COURT**
**OF CAMERON COUNTY, TEXAS**
**TRIAL COURT NO. 02-CR-480-G**
**State of Texas v. Dustin John Lowry**

TO THE HONORABLE PRESIDING JUDGE AND JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:

Mr. Warner, Counsel for Dustin John Lowry and other Applicants for Post-Conviction writs of habeas corpus pursuant to TEX.CODE CRIM.P.art.11.07, moves the Court of Criminal Appeals of Texas to allow oral argument on the subject of the application of the doctrine of laches in habeas, as follows:

1. Mr. Warner represents the following applicants, among others, for post-conviction writs of habeas corpus pursuant to TEX.CODE CRIM.P.art.11.07:

Dustin John Lowry

Jesus Roberto Villarreal

Rodrigo Garcia (a motion to reinstate is being filed)

Javier Chavez

2. In each cited matter the state has asserted or may assert laches in the noted habeas proceeding.

3. The Court of Criminal Appeals of Texas has allowed oral argument on an application for habeas corpus.

> "[T]he county attorney again presented his application for the three writs, habeas corpus, prohibition, and mandamus.***It was submitted on briefs and oral arguments at that time, and the court took it under advisement." **State v. Clark**,187S.W.760,767hn13(Tex.Crim.App.1915)

4. The matter will effect (sic) judicial economy as it will resolve an asserted impediment to consideration of the merits in several cases.

5. The question of whether the judiciary's use of

laches to bar consideration of an application for a writ of habeas corpus more than four years after the finality of the judgment amounts to suspension of the writ of habeas corpus is important to the jurisprudence of the state. It is important because TEX.CONST.art.I,sec.12 provides: "The writ of habeas corpus is a writ of right and shall never be suspended."

5. The question of whether use of a judicially imposed doctrine of laches to bar consideration of an application for a writ of habeas corpus more than four years after the finality of the judgment amounts to suspension of the writ of habeas corpus is important to the jurisprudence of the state. It is important because TEX.CONST.art.I,sec.29 provides: "[E]verything in this 'Bill of Rights' is excepted out of the general powers of government, and shall forever remain inviolate...."

6. In each of the cited cases, Writ Counsel's brief in support of the Application sets out in detail the argument against applying laches in habeas matters.

Conclusion and request for relief

The Court of Criminal Appeals of Texas should allow

oral argument in the cited cases on the issue of the use of laches in applications for habeas corpus.

```
                     Respectfully submitted
              By:  /s/Larry Warner
                   Larry Warner
                   Attorney for Appellant
```

## CERTIFICATE OF SERVICE

I certify that a true and correct of the above and foregoing document, **Motion for Oral Argument on Laches re Several Applications in the Court of Criminal Appeals** was forwarded to the District of Court of Cameron County and the District Court of Bell County Via First Class Mail to:

**Hon. Luis V. Saenz, Cameron County District Attorney's Office, 964 E. Harrison St., Brownsville, Texas 78520**

**Hon. Devon Anderson, Harris County District Attorney, 1201 Franklin St., Suite 600, Houston, TX 77002**

**Hon. Chris Daniel, Harris County District Attorney, P. O. Box 4651, Houston, TX 77002-1901**

on June 18, 2015.

Respectfully submitted

By:

*/s/Larry Warner*
Larry Warner
Attorney for Appellant